UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

MELINDA HOLDEN,

    Plaintiff,

v.

CARNIVAL CORPORATION,
A Foreign Profit Corporation, d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES

**COMES NOW,** the Plaintiff, MELINDA HOLDEN, by and through the undersigned attorney, and sues the Defendant, CARNIVAL CORPORATION, a Foreign Profit Corporation, d/b/a CARNIVAL CRUISE LINES, (hereinafter referred to as "CARNIVAL"), and alleges as follows:

    1.    That this is a cause of action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest and attorney's fees.

    2.    At all times material hereto, the Plaintiff, MELINDA HOLDEN, (hereinafter referred to as "Plaintiff"), resided in Hilton, New York.

    3.    At all times material hereto, the Defendant, CARNIVAL CORPORATION, a Foreign Profit Corporation, d/b/a CARNIVAL CRUISE LINES, (hereinafter referred to as "CARNIVAL"), is registered to do business in Florida with an address of 3655 NW 87th Avenue, MLGL 815, Miami, Florida 33178-2428 but is a foreign corporation.

## **VENUE AND PERSONAL JURISDICTION**

4. That on or about August 15, 2010, the Defendant, CARNIVAL, was a foreign corporation registered to do business in the State of Florida and maintained a permanent office for the transaction of business in Miami, Florida.

5. Venue is proper in Miami-Dade County, and the Defendant's passenger ticket contains a forum selection clause, which requires any action to be brought exclusively in the United States District Court for the Southern District of Florida located in Miami-Dade County, Florida.

6. Plaintiff has complied with all pre-suit requirements of the passenger ticket contract by providing CARNIVAL with a written detailed description of the circumstances of the incident that is the subject of this lawsuit in a letter dated September 14, 2011, mailed to CARNIVAL at CARNIVAL's principal place of business. (See Exhibit 1 attached hereto).

7. On or about August 15, 2010, the Defendant, CARNIVAL, owned, operated, managed, supervised and controlled the ocean-going passenger vessel known as the *DREAM*.

8. On or about August 15, 2010, the Plaintiff was a fare-paying passenger aboard the *DREAM*, during a planned week-long 25th Anniversary cruise.

9. While aboard at the cruise on August 15, 2010, the Plaintiff was enjoying her trip, when she came to leave the Serenity Deck. The crew aboard the Carnival Dream, failed to maintain the Serenity lounge deck in a reasonable safe condition. The reason for the unseaworthiness of the ship was because the stairs utilized for the water slide were the same stairs used for guests to utilize the Serenity lounge. Since children and young adults frequent the water slide after being in the pool, the stairs were extremely wet, slippery and had a slimy residue and this created a dangerous condition. In addition, the children and young adults run

through this area and the stairs in order to quickly slide down the slide. Even though Carnival knew or should have known that other passengers would be transversing in this area, on the date of this incident there were no warning signs regarding the wet stairs, running, or pushing, and no crew members were attending to the situation. MELINDA HOLDEN, slipped and fell as a result. She fell violently down the stairs onto the hard deck ultimately fracturing her right leg.  As a result of this fall, MELINDA HOLDEN sustained a traumatic right distal third tibial and fibular shaft fracture requiring extensive surgery

## COUNT I
## NEGLIGENCE OF CARNIVAL

Plaintiff incorporates paragraphs 1 through 9 as if fully set-forth and alleges the following:

10. CARNIVAL owed a duty to its passengers, including MELINDA HOLDEN, to exercise reasonable care under the circumstances, and specifically to equip, maintain and operate its vessel, the *DREAM*, in a reasonable and safe manner.

11. CARNIVAL breached its duty of care to MELINDA HOLDEN and was negligent and careless in at least the following ways:

   a. Failing to provide safe floors while aboard;

   b. Failing to properly maintain the subject deck by having crew personnel attend to the running children and young adults in the area;

   c. Failing to provide warning signs to passengers of the floor being slippery and wet;

   d. Failing to warn passengers that the subject floor posed a danger;

   e. Failing to properly maintain and keep the subject floor in a reasonably safe condition for its passengers;

   f. Failing to properly monitor the subject floor for safety;

g. Creating the dangerous condition of the subject floor;

h. Failure to use due care in maintain the subject floor;

i. Failing to warn MELINDA HOLDEN and other passengers of the condition of the subject floor when they knew or should have known of the existing hazard;

j. Failing to remedy a hazardous condition of which it knew or should have known;

k. Failing to discover in a timely manner the hazardous condition of the subject floor;

l. Failing to develop, maintain and utilize reasonable and proper safety policies, procedures and protocols to detect dangerous conditions of the subject floor;

m. Failing to develop, maintain, and utilize reasonable and proper safety procedures and protocols for maintaining the floors while passengers are aboard;

n. Failing to properly train and instruct its employees to detect, report and/or remedy hazardous conditions of the subject floor; and

o. Failing to properly train and instruct employees with regards to maintaining high traffic areas, warning passengers of the areas, where water is commonly found on the ground while passengers are aboard.

12. As a direct and proximate cause of the above described carelessness and negligence of CARNIVAL, the Plaintiff, MELINDA HOLDEN was injured, fractured her right leg, suffered pain there from, suffered physical impairment and/or disability, mental anguish, loss of capacity for the enjoyment of life, the aggravation of pre-existing conditions, inconvenience, permanent disability, and incurred necessary medical expenses for the treatment of her injuries. These injuries are permanent and continuing in nature. Plaintiff will suffer these loses and impairments in the future.

**WHEREFORE**, The Plaintiff, MELINDA HOLDEN, demands judgment for damages against the Defendant, CARNIVAL, in excess of the minimal jurisdictional limits of this Court,

as well as pre-judgment and post-judgment interest, costs in bringing this action, and demands trial by jury on all issues so triable.

## COUNT II
## NEGLIGENT MODE OF OPERATION

Plaintiff incorporates paragraphs 1 through 9 as if fully set-forth and alleges the following:

13. That on or about June 24, 2010, the Plaintiff, MELINDA HOLDEN, was a paying passenger on Defendant's vessel, *DREAM*.

14. Defendant, CARNIVAL, was in control of the premises which they failed to properly maintain and keep the subject floor in a reasonably safe condition for its passengers on the floor that caused the Plaintiff to fall.

15. Defendant, CARNIVAL, owed the Plaintiff a duty to reasonably anticipate that a dangerous condition could arise as a result of its mode of operation within the area the Plaintiff fell.

16. Defendant, CARNIVAL, had a duty to exercise reasonable care that extended to taking actions to reduce, minimize, or eliminate foreseeable risks before they manifest themselves as particular dangerous conditions on the premises.

17. Defendant, CARNIVAL, breaches said duty when it failed to implement a mode of operation that would reduce, minimize, or eliminate the foreseeable risk of harm to the Plaintiff.

18. As a direct and proximate result of the Defendant's failure to implement a safe mode of operation, the Plaintiff, MELINDA HOLDEN, fell and suffered traumatic right leg fracture and resulting pain and suffering, disability, disfigurement, mental anguish, loss of

capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition.  The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

**WHEREFORE** the Plaintiff, MELINDA HOLDEN, demands judgment against the Defendant, CARNIVAL, for damages, costs of this action, and other further and equitable and legal relief as this Court may deem appropriate, along with a trial by jury on all issues so triable.

Signed this 17th day of June, 2011

                                                    _____/s/_____
                                                    Judd G. Rosen, Esq.
                                                    Florida Bar Number: 0458953
                                                    Goldberg & Rosen, P.A.
                                                    1111 Brickell Ave, Ste 2180
                                                    Miami, Florida 33131
                                                    305.374.4200(t)
                                                    305.374.8024 (f)
                                                    jrosen@goldbergandrosen.com
                                                    Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on June 14, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

> By: */s/Judd G. Rosen*
> Judd G. Rosen, Esq.
> Florida Bar No.: 0458953
> brosen@goldbergandrosen.com
> jrosen@goldbergandrosen.com
> rgonzalez@goldbergandrosen.com
> Josie@goldbergandrosen.com
> GOLDBERG & ROSEN, P.A.
> 1111 Brickell Avenue
> Suite# 2180
> Miami, Florida 33131
> Tel: (305) 374-4200
> Fax: (305) 374-8024
> *Attorneys for Plaintiff(s)*